**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JORDAN SMITH, | ) |
|       Petitioner, | ) ) ) |
| v. | )    Case No. 13-CV-0476-JHP-TLW ) |
| JOE M. ALLBAUGH, Director,[1] | ) ) |
|       Respondent. | ) |

**OPINION AND ORDER**

Before the Court is the petition for writ of habeas corpus (Dkt. # 2), filed by Petitioner Jordan Smith. Petitioner is a state inmate represented by counsel. Respondent filed a response (Dkt. # 7) and provided the state court records (Dkts. # 7, 8, 9, 10) necessary for adjudication of Petitioner's claims. Petitioner did not file a reply to the response. For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

***BACKGROUND***

On November 27, 2008, Oscar Banualas's trailer – located in Tulsa, Oklahoma – was burglarized and the occupants were assaulted and robbed. Four days later, on December 1, 2008, Pedro Moreno's home – also located in Tulsa, Oklahoma – was burglarized and the occupants were assaulted and robbed. Tulsa Police Department Detectives investigated and found evidence that linked Petitioner, Jordan Smith, to the crimes. The evidence consisted of eyewitness identifications, incriminating text messages on Petitioner's cell phone, and physical evidence, including a red jacket

---

[1] Petitioner is in custody at Davis Correctional Facility, a private prison located in Holdenville, Oklahoma. Pursuant to Rule 2(a), Rules Governing Habeas Corpus Cases, the proper party respondent in this matter is Joe M. Allbaugh, Interim Director of the Oklahoma Department of Corrections. Therefore, Joe M. Allbaugh, Interim Director, is substituted in place of Tim Wilkinson, Warden, as party respondent. The Clerk of Court shall note the substitution on the record.

with keys to a vehicle stolen during the Moreno burglary in the pocket, a wad of cash, and a loaded handgun. The physical evidence was recovered from a trailer belonging to the grandmother of Petitioner's friend, Miranda Martin. Police arrested Petitioner at Martin's trailer.

Based on those events, Petitioner faced the following charges, filed in Tulsa County District Court, Case No. CF-2008-5963: Robbery with a Firearm (Count 1); Assault and Battery with a Dangerous Weapon (Count 2); Robbery with a Firearm (Count 3); Unauthorized Use of Vehicle (Count 4); Possession of Firearm by Juvenile After Former Conviction of a Felony (Count 5); First Degree Burglary (Count 6); First Degree Burglary (Count 7). See http://www.OSCN.net. The record reflects that, at the conclusion of trial, a jury convicted Petitioner of Counts 1-3 and 6-7,[2] Dkt. # 7-3 at 1, and the jury recommended the following sentences: thirty (30) years imprisonment and a $10,000 fine on Count 1; ten (10) years imprisonment and a $10,000 fine on Count 2; thirty (30) years imprisonment and a $10,000 fine on Count 3; ten (10) years imprisonment and a $10,000 fine on Count 6; and ten (10) years imprisonment and a $10,000 fine on Count 7. Id. The trial judge sentenced Petitioner to thirty (30) years imprisonment on Count 1 and ten (10) years imprisonment on the remaining counts, with the sentences ordered to be served consecutively. Id. The trial judge also ordered Petitioner to pay costs on all counts but did not impose a fine. Id. Attorney Larry Edwards represented Petitioner at trial. Id. at 4.

Petitioner perfected a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA) (Dkt. # 7-1). Represented by attorney Terry J. Hull, Petitioner raised five (5) propositions of error, as follows:

---

[2] Counts 4 and 5 were dismissed prior to trial at the State's request. Dkt. # 7-3 at 1.

Proposition 1:   The evidence was insufficient to support the burglary and armed robbery convictions in the Moreno case, in violation of Appellant's due process rights under the 14th Amendment to the United States Constitution, and under Art. II, §7, of the Oklahoma Constitution.

Proposition 2:   Convictions and sentences both for armed robbery and for burglary in the Banualas and Moreno cases violated Appellant's right to be free from multiple punishment under 21 O.S. 2001, §11.

Proposition 3:   Convictions and sentences both for armed robbery and for assault and battery with a dangerous weapon in the Banualas case violated Appellant's right to be free from multiple punishment under 21 O.S. 2001, §11.

Proposition 4:   The trial court erred in denying Appellant's motion to suppress information obtained from his cell phone, as the search waiver was obtained from him after he was under formal arrest but in the absence of Miranda rights, in violation of the 4th and 14th Amendments to the United States Constitution and Art. II, §7 and 30, of the Oklahoma Constitution.

Proposition 5:   The trial court erred in admitting an irrelevant and prejudicial photograph taken from Appellant's cell phone, over his objection and in violation of his rights to a fair trial under the 14th Amendment to the United States Constitution and Art. II, §7, of the Oklahoma Constitution.

(Id.). In an unpublished summary opinion, entered July 31, 2012, in Case No. F-2011-441, the OCCA affirmed the trial court's Judgments and Sentences (Dkt. # 7-3).

On July 31, 2013, Petitioner, represented by counsel, filed his federal petition for writ of habeas corpus (Dkt. # 2). Petitioner identifies three (3) grounds of error, as follows:

Ground 1:   The Petitioner was convicted and sentenced to armed robbery, burglary, and assault and battery with a dangerous weapon which violated his right to be free from multiple punishments according to the 5th Amendment to the United States Constitution, which was contrary to, or involved an unreasonable application of, clearly established law and/or resulted in a decision that was based on an unreasonable determination of the facts.

3

> Ground 2: The state courts unreasonably rejected Petitioner's claim that evidence was obtained from the Petitioner in violation of his Fourth and Fourteenth Amendment rights to the United States Constitution, which was contrary to, or involved an unreasonable application of, clearly established law and/or resulted in a decision that was based on an unreasonable determination of the facts.
>
> Ground 3: The state courts unreasonably rejected Petitioner's claim that cell phone evidence was not relevant and highly prejudicial, which was contrary to, or involved an unreasonable application of, clearly established law and/or resulted in a decision that was based on an unreasonable determination of the facts.

(Id.). In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief (Dkt. # 7).

## *ANALYSIS*

**A.     Petition for Writ of Habeas Corpus**

**1.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Although, on direct appeal, Petitioner presented the state law claims contained in Ground 1 to the OCCA, Petitioner conceded that his convictions did not violate the United States Constitution. See Dkt. # 7-1 at 22, 26. Therefore, the federal constitutional claims raised in Ground 1 were not fairly represented to the OCCA and are unexhausted. See Wilson v. Workman, 577 F.3d 1284, 1292 (10th Cir. 2009) (exhaustion "entails presentation both of the facts on which he bases his claim and the constitutional claim itself" (citations omitted)), overruled on other grounds by Lott v. Trammell, 705 F.3d 1167 (10th Cir. 2013). Even though the Ground 1 federal claims are unexhausted, the Court may deny the claims on the merits under 28 U.S.C. § 2254(b)(2). The claims raised in Grounds 2

and 3 were presented to the OCCA on direct appeal, and the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied as to these claims.

In addition, the Court finds Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

### 2. Claims Presented in Petition for Writ of Habeas Corpus

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citation omitted). The petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and

5

comprehended in existing law beyond any possibility for fairminded disagreement." Id. (citation and internal quotation marks omitted); see Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

Generally, a federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state court determinations on state law questions). When conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. at 68 (citations omitted).

### a. Ground 1: Double Jeopardy Claim

In Ground 1, Petitioner argues that his convictions and sentences for "armed robbery, burglary, and assault and battery with a dangerous weapon [] violated his right to be free from multiple punishments according to the 5th Amendment to the United States Constitution." Dkt. # 2 at 15. In Propositions 2 and 3 of his direct appeal, Petitioner conceded that his "double jeopardy claim fails under Blockburger" but alleged that his convictions violated his "right to be free from multiple punishments under" Oklahoma state law. Dkt. # 7-1 at 22, 26. The OCCA concluded that the charged crimes "were separate and distinct and thus, no error occurred" under state law. Dkt. # 7-3 at 3 (citations omitted). Because Petitioner did not present his federal constitutional claim to the OCCA, the claim is unexhausted. However, the Court may deny the claim on the merits under 28 U.S.C. § 2254(b)(2).

The Double Jeopardy Clause protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969) (overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989)). This protection is limited to ensuring "that the sentencing discretion

of courts is confined to the limits established by the legislature," for it is the legislature that is vested with "the substantive power to prescribe crimes and determine punishments." Ohio v. Johnson, 467 U.S. 493, 499 (1984). Thus, when a course of criminal conduct violates two statutory provisions, the test to determine whether the punishments are "multiple," in violation of the Double Jeopardy Clause, is "essentially one of legislative intent." Id. (citation omitted); see Missouri v. Hunter, 459 U.S. 359, 365-66 (1983). In the absence of clear legislative intent, courts must apply the Blockburger test, which provides that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

In this case, Petitioner's convictions did not constitute multiple punishments for the same offense in violation of the United States Constitution because each offense requires proof of a fact that the others do not. The crime of Robbery with a Firearm requires the taking and carrying away of the personal property of another. See Okla. Stat. tit. 21, § 801; Dkt. # 7-3 at 2-3. In contrast, assault and battery with a dangerous weapon does not require the taking and carrying away of the personal property of another, and burglary is complete upon an unlawful breaking and entering. See Okla. Stat. tit. 21, § 645, § 1431; Dkt. # 7-3 at 2-3. Therefore, Petitioner's convictions do not constitute multiple punishments for the same offense in violation of the United States Constitution. This claim is meritless, and habeas relief is denied under 28 U.S.C. § 2254(b)(2).

      **b.**    **Ground 2: Fourth Amendment Claim**

In Ground 2, Petitioner argues that evidence against him found on his cell phone was obtained in violation of the 4th and 14th Amendments and should have been excluded by the trial

court.³ Specifically, Petitioner alleges that, at the time officers obtained a search waiver from him, he "was not given his Miranda rights, nor was [he] advised that he could deny consent" and the search waiver form did not indicate what was to be searched. Dkt. # 2 at 18. In rejecting Petitioner's claim on direct appeal, the OCCA found the trial court did not abuse its discretion in denying Petitioner's motion to suppress because "[Petitioner] had been advised of his Miranda rights before he gave the police consent to search his cell phone. He had not invoked his right to counsel or his right to remain silent." Dkt. # 7-3 at 3.

In Stone v. Powell, 428 U.S. 465, 482 (1976), the Supreme Court held that, where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. The Tenth Circuit has reiterated that a federal habeas corpus court may not overturn a state criminal conviction because of a violation of the Fourth Amendment if the petitioner had a full and fair opportunity to litigate the claim. Brown v. Sirmons, 515 F.3d 1072, 1082 (10th Cir. 2008); Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir. 1992); Gamble v. Oklahoma, 583 F.2d 1161, 1165 (10th Cir. 1978). The opportunity for full and fair consideration detailed in Stone "includes, but is not limited to[,] the procedural opportunity to raise or otherwise present a Fourth Amendment claim[ ] and the full and fair evidentiary hearing contemplated by Townsend v. Sain, 372 U.S. 293 (1963)." Cannon v. Gibson, 259 F.3d 1253, 1261 (10th Cir. 2001) (citation omitted).

---

³ On Petitioner's cell phone, police recovered photographs, including one of a young man holding up various denominations of money, see Dkt. # 8-6, Tr. Vol. VI at 240; Dkt. # 10, and text messages, including one that stated "I say we hit a door lik tonight" and one that read "I'm ready," sent on December 1, 2008, at 3:31 a.m. Dkt. # 8-6, Tr. Vol. VI at 200, 209. The Moreno robbery took place on December 1, 2008, at approximately 5:00 a.m. Dkt. # 8-3, Tr. Vol. III at 178-79.

The Court concludes that the state courts granted Petitioner a full and fair opportunity to litigate his Fourth Amendment claims. Prior to trial, Petitioner filed a motion to suppress the evidence found on Petitioner's cell phone. Dkt. # 8-9, O.R. Vol. II at 210-11. The trial judge conducted a suppression hearing on the first day of trial, see Dkt. # 8-1, Tr. Vol. I at 3-4, 68-76, 80-82, and denied the motion to suppress the search of the cell phone. Id. at 110-11. As noted above, the OCCA considered and rejected Petitioner's Fourth Amendment claim on direct appeal. Dkt. # 7-3 at 3.

Because the state courts provided an opportunity for full and fair litigation of Petitioner's claims, this Court is precluded from considering the issues raised in Ground 2. See Stone, 428 U.S. at 494; see also Gamble, 583 F.2d at 1165 (opportunity for full and fair litigation in state court under Stone includes opportunity to raise Fourth Amendment claim, full and fair evidentiary hearing, and recognition and application of correct Fourth Amendment standards). Therefore, habeas relief is denied as to Ground 2.

        **c.     Ground 3: Evidentiary Ruling**

In Ground 3, Petitioner alleges that "[t]he state courts unreasonably rejected Petitioner's claim that cell phone evidence was not relevant and highly prejudicial."[4] Dkt. # 2 at 20. At trial, the trial court admitted into evidence "a color photograph of the screen saver on [Petitioner's] cell phone" depicting, what the prosecution described as, a young man "gloatingly holding up five

---

[4] The Court notes that Petitioner's counsel fails to identify any federal constitutional violation in Ground 3 of the petition for writ of habeas corpus. See Dkt. # 2 at 20-22. Petitioner's counsel argues that the cell phone photograph was not relevant but does not argue that its admission violated the Due Process Clause, or any other clause, of the federal constitution. Id. at 20-21. Because Petitioner is represented by counsel, the Court is under no obligation to liberally construe the petition.

9

Benjamins." Dkt. # 7-1 at 36-37; Dkt. # 8-6, Tr. Vol. VI at 240. The prosecution argued that the picture was "relevant to the motive and to the circumstances" of the case. Dkt. # 8-6, Tr. Vol. VI at 240. On direct appeal, Petitioner argued that admission of the cell phone photograph violated his right to a fair trial under the 14th Amendment to the United States Constitution and Art. II, § 7 of the Oklahoma Constitution. Dkt. # 7-1 at 36. The OCCA determined that:

> the image at issue in the present case was not relevant and its probative value was substantially outweighed by the danger of unfair prejudice. 12 O.S. 2001, §§ 2401-2403. Thus, the trial court abused its discretion in admit [sic] the image. However, given the evidence properly admitted against Appellant, we also find that he was not deprived of his constitutional rights by the admission of the image. The improper admission of this evidence was harmless. Warner v. State, 2006 OK CR 40, ¶ 174, 144 P.3d 838, 888.

Dkt. # 7-3 at 3-4. Thus, the OCCA determined that – contrary to Petitioner's assertion in his habeas petition – the photograph was improperly admitted under state law, but that the error was harmless. The OCCA further found that the evidentiary ruling did not deprive Petitioner of his "constitutional rights." While it is not clear whether the OCCA's ruling included Petitioner's rights under the United States Constitution, the Oklahoma Constitution, or both, the ruling resulting in the denial of relief is, nonetheless, entitled to deference. Harrington v. Richter, 562 U.S. 86, 99 (2011).

A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. See Estelle, 502 U.S. at 67–68. Habeas relief is not available for a challenge to state court evidentiary rulings unless the rulings "rendered the trial so fundamentally unfair that a denial of constitutional rights results." Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002) (internal quotation marks and citation omitted). A proceeding is fundamentally unfair under the Due Process Clause if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973) (internal quotation marks and citation omitted). When a state court determines

10

that there has been a constitutional error but that it is harmless beyond a reasonable doubt, "this decision undoubtedly constitutes an adjudication of [Petitioner's] constitutional claim 'on the merits.'" Davis v. Ayala, 135 S. Ct. 2187, 2198 (2015) (citation omitted). Petitioner is not entitled to habeas corpus relief on this claim unless he demonstrates that the OCCA's adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. To the extent that the OCCA found constitutional error, Petitioner must also show that the erroneous evidentiary ruling had a substantial and injurious effect or influence on the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 638-39 (1993).

Petitioner argues that "the evidence of guilt based on the identification of the Petitioner was not overwhelming in this case, particularly as to the Moreno crimes, and the State relied specifically on State's Exhibit No. 81[, which] was[,] as the State had described it, of someone 'gloatingly holding up' money." Dkt. # 2 at 21-22. Even if the evidence against Petitioner could not be characterized as "overwhelming," to the extent the OCCA found either that there was no due process error or that there was a harmless constitutional error, its adjudication is not contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Additionally, Petitioner has failed to show that any error in admitting the photograph had a substantial and injurious effect or influence on the jury's verdict.

Although the photograph was admitted into evidence, the prosecution did not argue that Petitioner was the young man pictured in the photograph or that the money in the picture was connected to either of the robberies. See Dkt. # 8-6, Tr. Vol. 6 at 255-56. Richard Coleman, the detective in the Cyber Crimes Unit of the Tulsa Police Department who analyzed Petitioner's cell phone, conceded that he did not know the identify of the individual in the picture and, due to the

11

poor quality of the photograph, declined to opine whether the individual in the photograph looked like Petitioner. Id. at 257. Coleman also conceded that the picture might not have been taken by Petitioner's cell phone and that he did not know when the picture was placed on the cell phone. Id. at 250, 257.

In addition, the prosecution only referenced the picture twice during its closing arguments. See Dkt. # 8-7, Tr. Vol. VI at 45 ("Corporal Coleman analyzed the phone. He found pictures. He found texts that were sent from the phone."); Id. at 114 ("Now the phone. [Defense counsel] begins by talking about the photograph of his client taken from the phone in which his client is holding up cash. So we know it's his phone."). In fact, it was defense counsel who drew attention to the photograph and stated that the picture "doesn't link back to the money recovered from Miranda's [bedroom], and it doesn't link back to any of the robberies" because the denominations of money seen in the picture were not the same as those found in Miranda's bedroom. Id. at 93.

After reviewing the record, and in light of the facts cited above, the Court cannot find that the admission of the photograph had a substantial and injurious effect or influence on the jury's verdict, Brecht, 507 U.S. at 638, or that the OCCA's adjudication of Petitioner's federal constitutional claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. Habeas relief is denied as to Ground 3.

**B.     Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s]

which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner can satisfy the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation omitted).

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the OCCA's decision was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## CONCLUSION

After careful review of the record, the Court concludes Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, the petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that,

1. The Clerk of Court shall note the substitution of Joe M. Allbaugh, Interim Director, in place of Tim Wilkinson, Warden, as party respondent.

2. The petition for a writ of habeas corpus (Dkt. # 2) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 27th day of May, 2016.

James H. Payne
United States District Judge
Northern District of Oklahoma